### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS LEMUS, | § | CIVIL ACTION NO.: |
| | § | |
| Plaintiff, | § | |
| v. | § | **COMPLAINT** |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant | § | **JURY TRIAL DEMAND** |
| | § | |

Plaintiff, by counsel and pursuant to the Federal Rules of Civil Procedure, files this Complaint and asserts the following:

### INTRODUCTION

1. This action for damages is brought by an individual plaintiff in response to Defendant's violations of the the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. The Telephone Consumer Protection Act ("TCPA") was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like the plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.    In enacting the TCPA, Congress intended to give consumers a choice as to

how creditors and telemarketers may call them, and made specific findings

that "[t]echnologies that might allow consumers to avoid receiving such calls

are not universally available, are costly, are unlikely to be enforced, or place

an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home,
> except when the receiving party consents to receiving the call or when
> such calls are necessary in an emergency situation affecting the health
> and safety of the consumer, is the only effective means of protecting
> telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012

WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings

on TCPA's purpose).

4.    Congress also specifically found that "the evidence presented to the Congress

indicates that automated or prerecorded calls are a nuisance and an invasion

of privacy, regardless of the type of call. . . ." TCPA, Pub.L. No. 102–243, at

§§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5.    Carlos Lemus ("Lemus" or "Plaintiff"), through attorneys, brings this action

to challenge the actions of Ocwen Loan Servicing, LLC, (hereinafter

"Ocwen" or "Defendant") with regard to attempts by Defendant to

unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this

conduct caused Plaintiff damages.

6.      The statute of limitations is tolled due to the commencement of a class action based on same or similar allegations in the matter of *Keith Snyder, on behalf of himself and all others similarly situated v. Ocwen Loan Servicing, LLC,* Case No. 1:14-cv-8461, filed against Defendant on October 27, 2014 in the Northern District of Illinois. *See America Pipe & Construction Co v. State of Utah*, 414 U.S. 538 (1974); *Aguilar v. Ocwen Loan Servicing, LLC*, No. 3:17-CV-1165-B, 2018 WL 949225 (N.D. Tex. Feb. 20, 2018).

7.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

8.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9.      Unless otherwise stated, all the conduct engaged in by Defendant took place in Texas.

10.     Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

### JURISDICTION AND VENUE

11.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

13. Because Defendant does business within the Northern District of Texas, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendant maintains a corporate office in the Northern District of Texas.

15. Defendant is subject to the Court's personal jurisdiction.

### PARTIES

16. Plaintiff Lemus is a natural person who resides in the City of Deer Park, State of Texas.

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

18. Defendant OLS has its principal place of business in the City of West Palm Beach, in the State of Florida.

19. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

### FACTUAL ALLEGATIONS

20. Beginning sometime after August 2010, Defendant started calling Plaintiff on Plaintiff's cellular telephone number ending in 3137 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and/or using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

21. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. This ATDS is also a predictive dialer.

23. When Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or beep-tone, before an Ocwen Representative would pick up and start speaking

24. Sometimes, Plaintiff would receive calls from Defendant in which the caller was a recorded voice or message, rather than a live representative.

25. In total, Plaintiff has received hundreds, if not thousands of calls from Defendant on Plaintiff's cellular telephone.

26. Plaintiff received multiple calls a day and calls on weekends.

27. Beginning in 2011 and continually through 2015, Plaintiff repeatedly and clearly revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by telephone.

28. Plaintiff answered several of the above mentioned telephone calls from Defendant and asked Defendant to stop calling.

29. Despite this clear and unmistakable request, the calls continued without interruption.

30. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

31. Each of these calls was an attempt to collect on a debt allegedly due and owing by Plaintiff.

32. The calls by Defendant to Plaintiff's cell phone continued, even after Plaintiff's oral revocation.

33. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

34. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendant to stop calling Plaintiff's cellular phone, Defendant continued to harass Plaintiff with collection calls using an ATDS.

35. Defendant's systematic harassment by telephone left Plaintiff feeling hopeless and dejected.

36. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

37. The calls placed by Defendant to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members.

38. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendant's unwanted and intrusive calls.

39. In doing so, Plaintiff missed important communications from friends and family.

### Damages

40. Defendant caused an invasion of Plaintiff's privacy by calling his cellular phone hundreds if not thousands of times in an attempt to collect a debt.

41. Defendant caused Plaintiff emotional distress and embarrassment by calling him repeatedly and continuously.

42. Defendant consumed and wasted Plaintiff's cell phone battery life.

43. Defendant wasted hours of Plaintiff's time by calling Plaintiff when Defendant had no right to call Plaintiff.

44. Defendant caused the Plaintiff to suffer the frustration and annoyance the TCPA was enacted to prevent. *See*, *e.g.*, *Mey v. Got Warranty, Inc*., No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.") .

### STANDING

45. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

a.   a valid injury in fact;

b.   which is traceable to the conduct of Defendant;

c.   and is likely to be redressed by a favorable judicial decision

*See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)

46.   In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### *The "Injury in Fact" Prong*

47.   Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo* (*Id.*).

48.   For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Plaintiff was called on their cellular phone by Defendant. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). All three of these injuries are concrete and *de facto*.

49.   For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls. It was Plaintiff's personal privacy and peace that was

invaded by Defendant's persistent phone calls using an ATDS. Finally, Plaintiff alone is responsible to pay the bill on his cellular phone. All of these injuries are particularized and specific to Plaintiff.

### The "Traceable to the Conduct of Defendant" Prong

50.   The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that his injury is traceable to the conduct of Defendant.

51.   In the instant case, this prong is met simply by the fact that the calls to Plaintiff's cellular phone were placed either, by Defendant directly, or by Defendant's agent at the direction of Defendant.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

52.   The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

53.   In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

54.   Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of

monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

55. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendant on the stated claims.

## CAUSES OF ACTION

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 *et. seq*.

58. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227

60.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

61.   The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

62.   As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

63.   Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I

### NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. § § 227 ET SEQ.

• Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

• Injunctive relief prohibiting such conduct in the future;

• Any and all other relief that the Court deems just and proper.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § § 227 ET SEQ.

• Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

• Injunctive relief prohibiting such conduct in the future;

• Any and all other relief that the Court deems just and proper.

## JURY DEMAND

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

Date: <u>May 14, 2018</u>               By: <u>/s/ Anthony P. Chester</u>
                                      Anthony P. Chester
                                      State Bar No. 24092253
                                      Ramona Ladwig
                                      State Bar No. 24092659
                                      **Hyde & Swigart**
                                      1910 Pacific Ave, Suite 14155
                                      Dallas, TX 75201
                                      Phone: (952) 225-5333
                                      Fax: (800) 635-6425
                                      Email: tony@westcoastlitigation.com

                                      Abbas Kazerounian, Esq.
                                      State Bar No. 24090982
                                      **Kazerouni Law Group, APC**
                                      245 Fischer Ave, Unit D1
                                      Costa Mesa, CA 92626
                                      Phone: (800) 400-6808 Ext. 2
                                      Fax: (800) 520-5523
                                      Email: ak@kazlg.com

                                      *Attorneys for Carlos Lemus*